UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOHNNY ALBERT REAGAN, et al., ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | No. 3:07-cv-199 |
| ) | *Phillips* |
| ) | |
| GOVERNOR PHIL BREDESEN, ) | |
| ) | |
| *Defendant*. ) | |

## **MEMORANDUM**

This is a *pro se* prisoners' civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court on various non-dispositive motions filed by the parties, as well as a motion to dismiss filed by the defendant and plaintiffs' response thereto. For the following reasons, the motion to dismiss will be **GRANTED** and this action **DISMISSED**. All other pending motions will be **DENIED** as **MOOT**.

I.      Standard of Review

A motion to dismiss tests whether a claim has been adequately stated in the complaint. In considering a motion to dismiss, all well-pleaded allegations in the complaint must be regarded as true and all factual allegations must be construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Dismissal "is proper when it is established beyond a doubt that the plaintiff cannot prove any set of facts consistent with the allegations that would entitle such plaintiff to relief." *Collins*, 892 F.2d at 493. *See also Haines v. Kerner*, 404 U.S. 519 (1972); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

II.     Factual Background

Plaintiffs are convicted sex offenders. They allege that the state statute requiring community supervision for life for persons convicted of certain sex offenses, and the statute setting forth the penalties for the violation of community supervision, are facially invalid under the U.S. Constitution.

Section 39-13-524 of the Tennessee Code Annotated provides as follows:

> (a) In addition to the punishment authorized by the specific statute prohibiting the conduct, any person who, on or after July 1, 1996, commits a violation of § 39-13-502 [aggravated rape], § 39-13-503 [rape], § 39-13-504 [aggravated sexual battery], § 39-13-522 [rape of a child], or attempts to commit a violation of any of these sections, shall receive a sentence of community supervision for life.

(b) The judgment of conviction for all persons to whom the provisions of subsection (a) apply shall include that the person is sentenced to community supervision for life.

(c) The sentence of community supervision for life shall commence immediately upon the expiration of the term of imprisonment imposed upon the person by the court or upon the person's release from regular parole supervision, whichever first occurs.

(d)(1) A person on community supervision shall be under the jurisdiction, supervision and control of the board of probation and parole in the same manner as a person under parole supervision. The board is authorized on an individual basis to establish such conditions of community supervision as are necessary to protect the public from the person's committing a new sex offense, as well as promoting the rehabilitation of the person.

(2) The board is authorized to impose and enforce a supervision and rehabilitation fee upon a person on community supervision similar to the fee imposed by § 40-28-201 [for parolees]. To the extent possible, the board shall set the fee in an amount that will substantially defray the cost of the community supervision program. The board shall also establish a fee waiver procedure for hardship cases and indigency.

The State has set forth the following prescribed penalties for the violation of community supervision:

(a) It is an offense for a person to knowingly violate a condition of community supervision imposed upon the person pursuant to § 39-13-524.

(b)(1) If the conduct that is a violation of a condition of community supervision does not constitute a criminal offense, the violation is a Class A misdemeanor.

(2) If the conduct that is a violation of a condition of community supervision also constitutes a criminal offense that is classified as a misdemeanor, the violation is a Class A misdemeanor.

(3) If the conduct that is a violation of a condition of community supervision also constitutes a criminal offense that is classified as a felony, the violation is a Class E felony.

> (4) Each violation of a condition of community supervision constitutes a separate offense.
>
> (c) If the violation of community supervision involves the commission of a new offense, the sentence for a violation of this section shall be served consecutive to any sentence received for the commission of the new offense.

Tenn. Code Ann. § 39-13-526.

In addition, a person sentenced to community supervision for life may, after 15 years on supervision, petition his sentencing court for release from supervision. *Id.* § 39-13-525(a). If the petitioner has been convicted of a crime while on community supervision, the sentencing court must deny the petition without a hearing. *Id.* § 39-13-525(d)(1). Otherwise, the sentencing court is required to conduct a hearing on the petition and consider, along with other relevant testimony, the testimony of a psychiatrist or licensed psychologist who has evaluated the petitioner. *Id.* § 39-13-525(d)(2).

Plaintiffs allege that the statute requiring community supervision for life, and the statute setting forth the penalties for violation of community supervision, are facially unconstitutional because they violate the vagueness doctrine of the Fifth Amendment. They ask this court to declare the statutes at issue to be unconstitutional and to enjoin the State from enforcing them.

III.    Discussion

Plaintiffs claim that the conditions of community supervision, to which they are subject and for which violation they can be prosecuted, are not outlined in the statutes themselves and thus are facially vague. Conditions of community supervision, however, have been promulgated by the Board of Probation and Parole for the State of Tennessee pursuant to authority granted by the legislature. [Court File No. 7, Exhibit A to Memorandum in Support of Complaint, Specialized Parole Conditions for Sex Offenders].

The conditions with which a sex offender must comply are clearly set forth and are not vague. Accordingly, plaintiffs have failed to state a due process violation. *Kolender v. Lawson*, 461 U.S. 352, 357 (1983) ("the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement").

IV.    Conclusion

The defendant is entitled to judgment as a matter of law. For that reason, the defendant's motion to dismiss will be **GRANTED**. All other pending motions will be **DENIED** as **MOOT**. The court **CERTIFIES** that any appeal from this action would not be

taken in good faith and would be totally frivolous.  *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

    s/ Thomas W. Phillips
United States District Judge